UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| LOIS LOCKE, REUBEN LOCKE, IAN LOCKE, TROY LOCKE, GUY YOUNG, NIA DYER, and T.D.[1], an infant by her mother and natural guardian, PETRA DYER, | **STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL** |
| Plaintiff, | 10 CV 1712 (MKB) (RLM) |
| -against- | |
| THE CITY OF NEW YORK, ANTHONY IZZO, CHARLES MARTELLO, and, JOHN and JANE DOES 1-16; | |
| Defendants. | |

------------------------------------------------------------------X

**WHEREAS,** plaintiffs Lois Locke, Reuben Locke, Ian Locke, Troy Locke, Guy Young, Nia Dyer, and T.D., an infant by her mother and natural guardian, Petra Dyer, commenced this action by filing a complaint on or about April 16, 2010, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

**WHEREAS,**  defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

---

[1] Upon information and belief, at the time the complaint in this action was filed, plaintiff "T.D." was an infant; however, upon information and blief, plaintiff "T.D." is no longer an infant and, as such, her full name, Tasia Dyer, may be used in documents filed with the Court. Additionally, inasmuch as Tasia Dyer has reached the age of majority, an infant compromise hearing concerning the terms of the within settlement is not required.

**WHEREAS,** plaintiff has authorized his counsel, Michael Lumer, Esq., to agree to the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amounts specified in paragraph "2" below.

2.     Defendant City of New York hereby agrees to pay plaintiffs a total settlement amount of ONE HUNDRED TWENTY-FIVE THOUSAND ($125,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. The total settlement amount of ONE HUNDRED TWENTY-FIVE THOUSAND ($125,000.00) DOLLARS is to be divided among the seven plaintiffs as follows: Lois Locke: TWO THOUSAND ($2,000.00) DOLLARS; Reuben Locke: TWO THOUSAND ($2,000.00) DOLLARS; Ian Locke: FIVE THOUSAND ($5,000.00) DOLLARS; Troy Locke: FIVE THOUSAND ($5,000.00) DOLLARS; Guy Young: FORTY-FIVE THOUSAND ($45,000.00) DOLLARS; Nia Dyer: THIRTY-THREE THOUSAND ($33,000.00) DOLLARS; and "T.D.": THIRTY-THREE THOUSAND ($33,000.00) DOLLARS.  In consideration for the payment of these sums, each plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York, Police Officer Anthony Izzo, and Police Officer Charles Martello, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the

2

world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

        3.      Plaintiffs shall each execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, each plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

        4.      Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated any plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

        5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

        6.      Each plaintiff agrees to hold harmless the City of New York, Police Officer Anthony Izzo and Police Officer Charles Martello, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City

7.      This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         July 19 , 2012

Michael B. Lumer, Esq.
Attorney for Plaintiffs
26 Court Street, Suite 1005
Brooklyn, New York 11201


By: _____
      Michael B. Lumer, Esq.
      *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant City of New York,*
*and Officer Anthony Izzo and Officer*
*Charles Martello*
100 Church Street, Rm. 3-173A
New York, New York 10007
(212) 788-1090


By: _____
      Alexandra Corsi
      *Assistant Corporation Counsel*


SO ORDERED:


_____
Dated: Brooklyn, New York          HON. MARGO K. BRODIE
       _____, 2012           UNITED STATES DISTRICT JUDGE


4